#9998-3047909

ORIGINAL

FILED
NOV 2 2015
U.S. COURT OF
FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Phillips & Jordan, Incorporated

v.                                          No. ___15-1301 C_____

The United States.

# COMPLAINT

Plaintiff respectfully states the following for its Complaint. All claims and allegations are made both cumulatively and alternatively.

## Jurisdiction and General Allegations

1.  Plaintiff is a North Carolina corporation having an office located at 8940 Gall Blvd., Zephyrhills, FL 33541.

2.  Contract No. W912EP-11-C-0019, Indian River Lagoon/C-44 Contract 1 – Intake Canal, Martin County, Florida (herein referred to as "the Contract") was awarded to Plaintiff by the USACE on or about July 14, 2011. A copy of the signed Award for the Contract is attached hereto, marked as "Exhibit A to Complaint."

3.     Plaintiff subcontracted part of the Contract scope of work to Optimum Services, Inc. (herein referred to as "Optimum"). A copy of Optimum's Subcontract with Plaintiff for the Contract (herein referred to as "the Subcontract") is attached hereto, marked as "Exhibit B to Complaint."

4.     On or about June 17, 2014, Plaintiff submitted a certified claim or claims to the contracting officer for a final decision on behalf of Optimum. (herein referred to as "the June 17, 2014 Certified Claims"). A copy of the (voluminous) June 17, 2014 Certified Claims is incorporated herein by reference.

5.     On October 31, 2014, Plaintiff received a Contracting Officer final decision dated October 31, 2014, that denied the June 17, 2014 Certified Claims (herein referred to as "the October 31, 2014 Final Decision"). A copy of the October 31, 2014 Final Decision is attached hereto, marked as "Exhibit C to Complaint."

6.     This is an action de novo on the June 17, 2014 Certified Claims, brought by Plaintiff on behalf of Optimum, that is timely filed within 12 months of the date of Plaintiff's receipt of the October 31, 2014 (as counted pursuant to COFC Rule 6(a)(1)(C)).

7. Any and all conditions precedent to this action have been performed, or have occurred.

8. The Court has jurisdiction pursuant to USC § 41 USC 7401(b)(1).

## Count I –Material Shortage Specification Defects

## (Breach of Implied Warranties of Specifications)

9. Plaintiff incorporates the allegations stated above, to the extent necessary to make this Count into a viable, alternative claim.

10. Whenever the government uses specifications in a contract, there is an accompanying implied warranty that the specifications are free from errors.

11. The Contract specified the types of materials to be placed in the embankment, the existing grades and soil borings, and design dimensions for the excavation and embankment areas; and indicated that the contractor could construct the embankment areas using only cut material generated by the excavation work and balance the cut and fill for the entire site by varying the approximate 140' width of the 2% sloped embankment area to the right (east) of the new Project Access Road, between Station 128+56.31 and Station 190+32.04. Most particularly, Note 5 to Typical Section A-4 states that:

> **"Contractor shall grade this area to approximately 140' and may vary this dimension as necessary to obtain a cut/fill balance of the site."**

(Contract Drawing C1025, Note 5, for Typical Section A-4).

12. Plaintiff (and Optimum) reasonably relied on the Contract specifications as implicitly warranting that it would be possible for the contractor to build the embankments in a reasonably orderly manner as the excavation work progressed, using the cut materials generated from the excavation work, and balance the cut and fill for the entire site by varying the approximate 140' width of the 2% sloped embankment area to the right (east) of the new project access road from Station 128+56.31 and Station 190+32.04.

13. The specifications were defective, erroneous, and impossible to construct, because it was impossible to construct the specified embankments using the cut materials from the specified excavation, or balance the cut and fill for the entire site by varying the approximate 140' width of the 2% sloped embankment area to the right (east) of the new project access road from Station 128+56.31 and Station 190+32.04, because the quantities of cut materials from the performance of

the specified excavation work were not sufficient to construct the specified embankment areas.

14.     Plaintiff (and Optimum) incurred unanticipated costs as a direct and foreseeable result of the material imbalance specification defects.

15.     Under the Contract, the Government has liability to Plaintiff for the unanticipated costs that Plaintiff and Optimum incurred as a result of the material imbalance specification defects. Under the Subcontract, Plaintiff has pass-through liability to Optimum for the material imbalance specification defects.

16.     Plaintiff timely certified and submitted a certified claim or claims in the amount of $4,806,162.67 for the compensable costs caused by the material imbalance specification defects in the June 17, 2014 Certified Claims, which was denied in the October 31, 2014 Final Decision (Exhibit C hereto).

17.     Wherefore, Plaintiff respectfully demands a judgment that grants relief in an amount sufficient to compensate Plaintiff and Optimum for the unanticipated costs that Plaintiff and Optimum incurred as a result of the material imbalance specification defects, in the previously claimed amount of $4,806,162.67, or such other amount as is proven at trial, with CDA interest,

attorney's fees and other expenses of litigation, and all other relief that is allowable under the Contract and/or applicable law.

Respectfully submitted,

<div style="margin-left:3em">

/s/ James W. Copeland for efiling             .
James W. Copeland, Esq., Georgia Bar No. 186780
The Copeland Law Firm, LLC
Counsel for Plaintiff
(770) 693-1197  Fax (770) 693-8872
*jcopeland@contractdisputeslaw.com*
<u>Address for courier deliveries:</u>
  2451 CUMBERLAND PKWY STE 3385
  ATLANTA, GA  30339-6157
<u>Address for USPS mail only:</u>
  2780 BERT ADAMS RD STE 201
  ATLANTA, GA  30339-3917

</div>